IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK HAGANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-2965 |
| INTEGRATED PRODUCTION SERVICES, | § | |
| INC., and WARRIOR ENERGY | § | |
| SERVICES, CORP., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion to Transfer Venue (Docket Entry No. 14), seeking transfer of this case to the United States District Court for the Western District of Pennsylvania under the Fifth Circuit's first-to-file rule. After carefully considering the parties' arguments, the records on file, and the applicable law, the court is persuaded that Defendants' motion should be granted.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The cases need not be identical, as long as the court finds a substantial overlap in issues and parties. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d

947, 950 (5th Cir. 1997). To avoid the first-to-file rule, a plaintiff must demonstrate compelling circumstances that caution against transfer. White v. Peco Foods, Inc., 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008); see Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971).

Plaintiff, Jack Hagans, filed this action on October 17, 2014, alleging that Defendants, Integrated Production Services, Inc., and Warrior Energy Services, Corp., violated the FLSA by misclassifying Hagans as exempt from overtime requirements when Hagans worked as a coil tubing operator in Pennsylvania.[1] Fifteen months earlier, on May 17, 2013, other former employees of Defendants, including coil operators, brought a collective/class action against Defendants in the Western District of Pennsylvania, alleging that Defendants violated the FLSA by, among other things, misclassifying them as exempt from overtime requirements.[2] Dunkel et al. v. Superior Energy Services, Inc. et al., No. 2:13-695-MRH (W.D. Pa. filed May 17, 2013). That case is currently pending before Judge Mark R. Hornak, who conditionally certified a class of employees on December 23, 2014.[3]

---

[1] Original Complaint, Docket Entry No. 1.

[2] Second Amended Individual and Collective/Class Action Complaint, Exhibit B to Defendants' Motion to Transfer Venue, Docket Entry No. 14-2.

[3] Order, Exhibit 1 to Defendants' Supplement to their Motion to Transfer Venue, Docket Entry No. 15-1.

The court has compared the complaints in the two cases, and it is satisfied that there is a substantial overlap in issues and parties. Therefore, under the first-to-file rule, the proper course of action is to transfer this case to the Western District of Pennsylvania.

The court has considered Plaintiff's arguments against transfer and concludes that Plaintiff has not demonstrated any compelling circumstances. The issue of consolidation is not before this court, and by transferring Plaintiff's case the court is not forcing Plaintiff to join the collective action pending in Pennsylvania. Transfer will, however, better facilitate coordination among the parties and will place the dispute before a court familiar with the central issues in the case.

Furthermore, transfer will serve the underlying purposes of the first-to-file rule: "[T]o avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985). "It would constitute an unnecessary interference by this court into a sister court's affairs, as well as an unwise use of judicial resources, for this court and the court in the [Western District of Pennsylvania] to issue potentially inconsistent rulings concerning the same conduct by the

same Defendants." See <u>Young v. Lefleur Transp. of Tupelo</u>, No. 402CV199DA, 2002 WL 31992189, at *2 (N.D. Miss. Nov. 18, 2002).

The court having determined that this case substantially overlaps with a case previously filed in the Western District of Pennsylvania, and finding no compelling circumstances that would bar transfer, Defendants Motion to Transfer Venue (Docket Entry No. 14) is **GRANTED**, and the action is **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania.

**SIGNED** at Houston, Texas, this 16th day of January, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE